```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/15/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZENOVIO PABLO CANTU and ADAN HERNANDEZ, Individually and on Behalf of All Others Similarly Situated,

                       Plaintiffs,

-against-

KALAHOSPITALITY GROUP LLC, ALOHA BROTHERS, LLC, MAHALO BROTHERS LLC, DAVID HOM, and DAVID CHAN, Jointly and Severally,

                       Defendants.

Case No. 1:21-cv-04664 (AJN)

**CONFIDENTIALITY STIPULATION FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

---

       The parties hereto, Zenovio Pablo Cantu and Adan Hernandez ("Plaintiffs"), and Kalahospitality Group LLC, Aloha Brothers, LLC, Mahalo Brothers LLC, David Hom, and David Chan (collectively, "Defendants"), by and through their undersigned counsel of record, hereby agree to the following Confidentiality Stipulation for the Production and Exchange of Confidential Information ("Confidentiality Stipulation") as follows:

       **WHEREAS,** the parties agree that a Confidentiality Stipulation is necessary to limit the review, copying, dissemination and use of confidential and/or proprietary documents and information which may be produced by either party and their respective counsel, or by any non-party, in the course of discovery in this proceeding;

       **IT IS THEREFORE AGREED BY AND BETWEEN THE PARTIES THAT:**

       1.     Any party in this action (the "Designating Party") shall have the right to designate as "Confidential" any material that it believes, in good faith, contains or represents confidential and non-public personal, financial, proprietary, competitive, trade secret or other sensitive information related or belonging to the above named Defendants, as well as non-party individuals, or non-party outside corporate entities, the disclosure of which would be restricted by law or would

likely, in the good faith opinion of the producing person, seriously and adversely affect a person's privacy obligations or policies, business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others ("Confidential Information").

(a) Information and documents designated by a party as "Confidential" will be stamped "Confidential." Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

(b) Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

2. All Confidential Information shall be used solely for the purposes of the litigation of this action and for no other purpose.

3. Except as set forth herein, Confidential Information shall be disclosed only to the Court, jurors therein, and/or to:

(a) The parties to this action and their officers, directors, employees and agents;

(b) Counsel for the parties and their agents, employees, paralegals, or other secretarial and clerical employees or agents specifically assigned to work on this action and only in conjunction with work performed in this action;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy.

(d) Stenographic reporters who are involved in depositions, the trial, or any hearings or proceedings in this action;

(e)     any witness called to testify at deposition or any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action;

(f)     the Court and its support personnel; and

(g)     Experts, independent contractors, consultants, or advisers who are employed or retained by, or on behalf of, one or more of the parties or their counsel to assist in the litigation of this action, or persons specially employed by a party to perform investigative work, data entry, or fact research.

4.     Other than those persons referred to in subparagraphs 3(a), 3(b), 3(c), 3(d), and 3(f) above, each person to whom Confidential Information is made available must review and consent to be bound by this Confidentiality Stipulation by executing Exhibit A prior to receiving documents or information designated as "Confidential."

5.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner.  The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure

6.     Either party may designate portions of testimony as "Confidential" at the time the testimony is taken or within sixty (60) days after receipt of the final transcript by the Designating

Party, unless otherwise agreed to by the parties. If a portion of testimony is designated "Confidential," the court reporter shall mark that portion of the transcript "Confidential" in the text of the transcript itself.

7. The parties may object to the designation of any documents or information as "Confidential" by notifying opposing counsel in writing at any time during the proceeding. The parties, through their counsel, will first try to resolve any disputes in good faith on an informal basis but, if a resolution is not reached, either party may seek appropriate relief from the Court. Until the Court issues an order resolving the dispute, the parties shall treat the disputed documents or information as "Confidential," as originally designated.

8. Failure to designate material as "Confidential" initially shall not preclude any party or non-party from later designating the material "Confidential." A party or non-party may designate previously-produced material as "Confidential" that the party failed to designate initially through written notice to counsel of record for the receiving party or parties. The Designating Party shall supply copies of the material marked "Confidential."

9. The parties may, by written stipulation, provide for exceptions to this Confidentiality Stipulation and nothing in this Confidentiality Stipulation herein shall preclude any party from applying to the Court to modify the terms of this Confidentiality Stipulation. The parties, however, shall engage in good faith efforts to resolve requests to modify this Confidentiality Stipulation prior to bringing such requests to the Court's attention.

10. Nothing in this Stipulation shall be construed to affect the admissibility of any document, material or information at any trial or hearing in this proceeding.

11. The termination of this proceeding shall not relieve the parties and their counsel of their obligations of maintaining the confidentiality of all confidential information, unless the Court

orders or permits otherwise. Within sixty (60) days of final termination of this proceeding, including any appeals, all documents marked as "Confidential," including copies, reproductions, abstracts, indices, summaries, and excerpts or extracts (excluding excerpts incorporated into any privileged memoranda of the parties, and materials that have been admitted into evidence in this proceeding), shall, at the option of the producing party, be returned to the producing party or destroyed, with written verification of the destruction to the Designating Party. Privileged memoranda, as referenced in the preceding sentence, shall include attorney briefs and other attorney work product that contain or reference confidential information.

12. This Confidentiality Stipulation shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

Dated: New York, NY
October 13, 2021

By: _____
Taylor B. Graham
Brent E. Pelton
Pelton Graham LLC
111 Broadway, Suite 1503
New York, NY 10006
212.385-9700
graham@peltongraham.com
pelton@peltongraham.com

*Attorney for Plaintiffs*

Dated: Melville, NY
October 13, 2021

By: *Matthew R. Capobianco*
William H. Ng
Matthew R. Capobianco
Littler Mendelson, P.C.
290 Broadhollow Road, Suite 305
Melville, New York 11747
631.247.4700
wng@littler.com
mcapobianco@littler.com

*Attorneys for Defendants*

**SO ORDERED:**

_____         _____
**HONORABLE ALISON J. NATHAN U.S.D.J.**            **DATED**

> Nothing in this Order affects the parties' obligation to comply with Rule 4 of the Court's Individual Practices in Civil Cases governing redactions and filing under seal, or with any of the Court's other Individual Practices as relevant.
>
> SO ORDERED.

10/15/2021

- 5 -

- 6 -

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZENOVIO PABLO CANTU and ADAN HERNANDEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>-against-<br><br>KALAHOSPITALITY GROUP LLC, ALOHA BROTHERS, LLC, MAHALO BROTHERS LLC, DAVID HOM, and DAVID CHAN, Jointly and Severally,<br><br>      Defendants. | Case No. 1:21-cv-04664 (AJN)<br><br>**CERTIFICATION FOR CONFIDENTIALITY STIPULATION FOR THE PRODUCTION AND EXCHANGE OF <u>CONFIDENTIAL INFORMATION</u>** |

I, _____, hereby state as follows:

1. I have received a copy of the Confidentiality Stipulation for The Production And Exchange Of Confidential Information ("Confidentiality Stipulation") entered in the above-captioned proceeding.

2. I have carefully read and understand the provisions of the Confidentiality Stipulation.

3. I agree to abide by, and hereby consent to, the obligations and conditions set forth in the Confidentiality Stipulation including, but not limited to, the conditions that I will hold in confidence, will not disclose to anyone not qualified under the Confidentiality Stipulation, and will use only for the purposes of the above-captioned proceeding, any protected materials and confidential information, as defined in the Confidentiality Stipulation, which I have received or reviewed. I hereby declare under penalty of perjury that the foregoing is true and correct.

DATED this \_\_\_\_ day of _____, 202\_\_.

                  _____
                      Signature