UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PABLO CANTU *et ano.*,

     Plaintiffs,

 -v-             **ORDER**

                    21-CV-4664 (JLC)

KALAHOSPITALITYGROUP LLC *et al.*,

     Defendants.
-------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

  The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) (Dkt. No. 36), and they have submitted a joint "consent motion for settlement" (Dkt. No. 38) and a fully executed settlement agreement (Dkt. No. 38-2) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, given Defendants' apparent financial situation as a result of the COVID-19 pandemic (requiring a lengthy payment schedule), the "potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). *See also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/3/2021

5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint motion as well as the proposed settlement agreement, and given that a court-appointed mediator assisted the parties to resolve this case, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs as one-third of the settlement amount) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) and other applicable case law).[1]

Accordingly, the proposed settlement is hereby approved. As provided in the proposed Stipulation and Order of Dismissal, the Court will retain jurisdiction over this case for the sole purpose of enforcing the parties' settlement.[2]

---

[1] The Court's approval of the allocation of attorneys' fees should not be construed as an approval of the hourly rate of plaintiffs' counsel. Nor should approval of the settlement agreement be deemed an approval of the tax allocations to which the parties have agreed in paragraph 1(c).

[2] The Stipulation and Order of Dismissal, attached as Exhibit B to the settlement agreement (Dkt. No. 38-2), is only signed by counsel for defendants, and not by counsel for plaintiffs. Accordingly, the Court will not "so order" the stipulation in its current form. The parties are free to resubmit a fully executed stipulation of dismissal to complete the record.

The Clerk is respectfully directed to close Docket No. 38 and mark it as "granted," and to close this case.

**SO ORDERED.**

Dated: December 3, 2021
      New York, New York

                                              _____
                                              JAMES L. COTT
                                              United States Magistrate Judge